PeaRSON, C. J.
 

 The allegation, that at the time of the marriage, the defendant had a wife, ydio was then living, is clearly proved ; of course his marriage with the plaintiff was void, and she is entitled to a decree of “ nullity of marriage” so far as she is concerned. She is also entitled to a decree making void the deed by which, in contemplation of marriage, she conveyed her estate to Merritt,-in trust, for her sole and separate use. She is also entitled to a decree that the conveyance of the slaves, made by Merritt to Monk, shall be surrendered and cancelled, so as to remove the cloud from her title. • -
 

 We are also satisfied by the evidence, that the $900, which Merritt handed over to the defendant, Monk, to 'secure him
 
 *266
 
 against the liabilities which he had entered into for Merritt, was money received by Merritt for the two negroes, Iiillory and Ellender, and, on the ground of following the trust fund, the plaintiff is entitled to a decree against Monk for that amount. He faintly denies notice, but that is clearly fixed on him, and the ground on which he puts himself, in respect to this money, to wit, that he had paid it to the creditors of Merritt, to whom he had become liable, as surety for Merritt, will not avail him. That money, in his hands, was a part of the'trust fund, and he knew it: consequently, Merritt, as a trustee, had no right to apply it to the discharge of his debts, and the defendant, Monk, had no right to do so for him.
 

 In respect to the woman, Dilsey, we have had more diffi,culty in coming to a conclusion. She was conveyed by Parker to Monk, and he made a bill of sale to Merritt, for the purpose of enabling Merritt to sell her. Merritt did accordly sell her, but it does not appear, according to proofs, that Monk received any part of the purchase-money ; on the contrary, we are satisfied that Merritt used the money, received by him, as her price, himself; so the principle of following the trust fund, in its converted state, does not apply, and putting out of view the averment, that the woman, Dilsey, was thus sold by the consent of the plaintiff, because of the slave’s insubordination, and also the averment that it was done under the advice of respectable counsel, we can see no ground on which the defendant, Monk, can be made liable, in respect of this slave, even if we suppose he acted collusively, and became an actor in the transaction with an intent to aid Merritt, the trustee’, to get into his hands this negro, and sell her, ■and appropriate the purchase-money to his own use ; for, when Monk takes the ground, that no part of the money can be traced to his hands, he cannot be reached on the principle of following the fund, and there is no other princtple by which, in Equity, he can be- made liable.
 

 The defendant, Merritt, is chargable with all the funds which came to his hands, by reason of the sales made by him or otherwise.
 

 
 *267
 
 As to the other property, the deed executed by Merritt to Monk, does not include it, and there is no proof of his having taken it into his possession, so there can be no decree in respect to it. So, the plaintiff must be left to her own vigilance in gathering it up. There will be a decree against Parker for an account.
 

 Pee Cubiaji, . Decree accordingly»